E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5735
     Facsimile: (213) 894-0142
     Cell:      (213) 500-9369
     E-mail:    julie.shemitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-524-DMG-all |
|---|---|
| Plaintiff, | GOVERNMENT'S STATUS REPORT RE: COMPLEX CASE; DECLARATION OF JULIE J. SHEMITZ |
| v. | |
| EDGAR JOEL MARTINEZ-REYES, ET AL., | |
| Defendants. | |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julie J. Shemitz, hereby files its status report per the Court's order of November 1, 2023.

   This report is based upon the attached declaration of Julie J.

//

//

//

//

Shemitz, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 14, 2023                Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


         /s/
JULIE J. SHEMITZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF JULIE J. SHEMITZ**

I, Julie J. Shemitz, declare and state the following:

1. I am an Assistant United States Attorney for the Central District of California, assigned to investigate and prosecute the instant case.

2. On October 26, 2023, a Grand Jury for the Central District of California returned a ten-count indictment alleging conspiracy to aid and abet drug distribution in violation of 21 U.S.C. § 846; conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)&(B); conspiracy to operate an unlicensed money transmitting business in violation of 18 U.S.C. §§ 371, 1960; and aggravated assault on a federal officer in violation of 18 U.S.C. §§ 111(a)(1), (b) against fourteen defendants.

3. On November 1, 2023, the first three defendants appeared following their respective arrests on the indictment warrants for their initial appearances and to be arraigned on the indictment: Oscar Eduardo Mayorga, Bernardo Mauberis, and Vidal Licon-Robles. At that time, the Honorable A. Joel Richlin, United States Magistrate Judge, notified the government that the case was assigned to this Court, and that the Court required the disclosure of discovery within two weeks.

4. Subsequently, defendants Raul Contreras, Guillermo Zambrano, Edgar Joel Martinez-Reyes, and Jiande Zhou made their initial appearances, with the latter occurring on November 13, 2023.

5. Two additional defendants have been arrested on the indictment warrants and outside the district and are expected to

appear before the Court for initial appearance and arraignment sometime in the next two weeks.

6. The other five defendants remain at large and their whereabouts are unknown.

7. Local Criminal Rule 7-3 Notice of Complex Case provides:

> If a criminal case includes eight or more defendants in the indictment or if the presentation of evidence (including cross-examination) in the government's case-in-chief will exceed twelve trial days, the case is considered "complex." In such cases, the government must file with the Court, at the time the indictment is filed, a Notice of Complex Case that indicates the grounds for considering the case complex. Likewise, upon the filing of a superseding indictment in a case not previously identified as complex, the government must file a Notice of Complex Case if the case now qualifies as such.

8. While the instant case does involve more than eight defendants, it is highly unlikely that more than a few will proceed to trial: upon arrest, several of the defendants apprehended indicated their willingness to cooperate with the government and intention to plead guilty pursuant to plea agreements.

9. It is therefore not expected that the trial of this matter will involve all 14 defendants or exceed ten court days.

10. The government is preparing a proposed protective order to enable the disclosure of discovery that contains either confidential source information or personal identifying information. Once a protective order has been entered, the government will be able to disclose a first batch of material pursuant to its discovery obligations. While the discovery is somewhat voluminous, and includes reports from multiple agencies, the material is not of a complex nature.

11. In the event that a superseding indictment is filed, charging additional defendants, or alleging additional charges, the United States will revisit the issue with this Court.

12. For all of the above reasons, the United States respectfully submits that a Complex Case Order is not required at this time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on November 14, 2023.

                                             /s/
                                      JULIE J. SHEMITZ