E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5735
    Facsimile: (213) 894-0142
    Cell:     (213) 500-9369
    E-mail:  julie.shemitz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGAR JOEL MARTINEZ-REYES, ET AL.,<br><br>    Defendants. | No. 2:23-cr-00524-DMG<br><br>GOVERNMENT'S EX PARTE MOTION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING: PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, CONFIDENTIAL INFORMANT, AND COOPERATING WITNESS INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julie J. Shemitz, for the reasons set forth below, hereby moves this Court for a protective order in the form filed concurrently herewith (the "Protective Order"), governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) material that may contain information within the scope of the

Privacy Act, and (3) information related to confidential informant(s) and/or cooperating witness(es) who may testify at trial.

In support of this motion, the United States submits the attached memorandum of points and authorities, the declaration of Julie J. Shemitz, and the proposed protective order.

DATED: January 8, 2024

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____
JULIE J. SHEMITZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND GROUNDS FOR PROTECTIVE ORDER**

1. Defendants are charged in this matter with violations of 21 U.S.C. § 846: conspiracy to aid and abet the distribution of cocaine and methamphetamine; 18 U.S.C. §§ 1956(h), (a)(1): conspiracy to launder monetary instruments; and 18 U.S.C. §§ 371, 1960: conspiracy to operate an unlicensed money remitting business; and related substantive charges.

2. A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants and/or cooperating witnesses who participated in the government's investigation and who may testify at trial ("CS material"). Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may expose them to potential safety risks. In particular, because of the nature of criminal organizations, secrecy and discretion are of paramount importance and cooperation with law enforcement officials is a grave violation of protocol, and subjects cooperators to suspicion, threats, and various forms of harm ranging from economic harm to death. It is therefore prudent to take precautions when disclosing information that could lead to the discovery of the identities of cooperators.

3. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an

3

ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.

4. An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information"). To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

5. The purpose of the Protective Order is to (a) allow the government to promptly comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendants.

**II.  FACTUAL BACKGROUND**

1. The Indictment alleges in Count One a conspiracy to aid and abet drug trafficking in violation of 21 U.S.C. § 846; in Count Two a conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h); and in Count Seven a conspiracy to operate an unlicensed money remitting business. The Indictment also alleges several counts of drug distribution in violation of 21 U.S.C. § 841(a)(1)(A) and (B) as well as related charges. This case stems from a long-term investigation into the laundering of drug proceeds. Members of this organization have secretly collected, stored, sorted, counted, packaged, and delivered drug proceeds to customers individuals who participate in the laundering process.

2. Defendants Edgar Joel Martinez-Reyes (1), Raul Contreras (2), Oscar Eduardo Mayorga (3), Guillermo Zambrano (5), Bernardo Mauberis (7), Vidal Licon-Robles (8), Victor Rodriguez-Trujillo (11), Julio Alejandro Cabrera (12), Jose Antonio Pardo (13), and Jiande Zhou (14) have been granted bond and are awaiting trial. Defendants Luis Belandria-Contreras (4), Diego Acosta Ovalle (6), Leo Bernal (9), and Daniel Gonzalez, aka Rafael Arrocho (10) have not yet been apprehended.

3. The parties have conferred via email and agree that a protective order is necessary in this case to facilitate the disclosure of discovery. The government has transmitted this application and the proposed order to counsel for the parties who have made appearances in this case and has received comments from defense counsel that are noted below.

**III. PROPOSED PROTECTIVE ORDER AND DISPUTED PROVISIONS**

    **A. Disputed Provisions**

The terms of the order sought by the government include specific procedures to be followed for the handling of three types of material: CS material, Privacy Act material, and Personal Identifying Information ("PII"). The strictures related to CS material are more stringent than those applied to the other two categories of discovery. The provisions of the proposed order that are in dispute are as follows:

- That witnesses must agree in writing to abide by the protective order prior to being shown the material;
- That CS material may not be left unattended in any vehicle;

- That "defense team" includes only attorneys of record and members of those attorneys' law firms; and,
- That CS material must be returned or certified destroyed within 30 days of the conclusion of appellate and post-conviction proceedings.

The stated grounds for these objections are that: (1) requiring witnesses to agree in writing to the provisions of the protective order prior to being shown the material would discourage reluctant witnesses; (2) it is overly burdensome to counsel to preclude them from keeping unattended CS material in a vehicle; (3) that they should be able to show the material to attorney]s outside their own law firms (even if not attorneys of record); and (4) CS material should be treated the same way as other case material. For the legal and commonsense reasons set out below, these objections should be overruled, and the requested protective order should be issued.

**B.   Rationale For Proposed Provisions**

The language of the disputed provisions has previously been adopted by this Court as well as many of the other courts in this district. Each is necessary to guard against improper dissemination of the discovery materials at issue.

First, witnesses must be apprised of and agree to the limitations on the use of material they may be shown during trial preparation. Having witnesses sign to acknowledge their understanding and agreement is an assurance that they will adhere to those limitations and be held accountable.

With respect to the prohibition on leaving CS material in an unattended vehicle, it is neither onerous nor unreasonable – just as individuals guard their own personal paperwork, and would be foolish

6

to leave private material in an unguarded vehicle, so should CS material, which may pose grave danger to a cooperating individual, be protected. Locking a vehicle containing sensitive information and leaving it on a street or in a parking lot is no assurance that the vehicle will not be vandalized and the material stolen. The amount of material at issue here is not so voluminous or weighty that requiring defense counsel to keep it in their possession would be an onerous burden.

No attorney other than the attorney of record for a particular defendant is entitled to access discovery material. Only an attorney of record is under the supervision of the Court and has the obligations to the Court inherent in that role. For this reason, it is incumbent on the attorney of record to maintain the confidentiality of CS and other protected material and not disseminate it outside that attorney's law firm. In addition, as this Court knows, many confidential sources are used in more than one investigation and disclosure of the activities and/or identities of those individuals is likely to place the confidential sources in jeopardy. When counsel other than counsel of record have access, they may be viewing material related to an investigation in which they represent a different defendant. This would be an unrecognized conflict of interest. The purpose of the protective order is to limit the dissemination of CS and other confidential information to prevent such a situation.

Finally, it is critical to sound record-keeping and protection of the confidential information that it be returned to the government or certified destroyed after the conclusion of appellate and post-conviction procedures. This is not in any way an

unreasonable restriction and there is no reason for that material to be maintained by defense counsel after the conclusion of the matter. Doing so creates the risk of unintended dissemination or loss, an unacceptable situation for the protection of a confidential source.

The remaining provisions are also matters of common sense. Attorney supervision of CS material is necessary to be certain that defendants and witnesses adhere to the limitations set out in the protective order. Only an attorney has the duties to the Court inherent in bar membership that ensure compliance with the Court's orders, and therefore only an attorney can be entrusted with the handling of this sensitive material. Attorneys have strict ethical duties and are officers of the court, which provides a greater assurance that the information will be adequately protected. Counsel of record also will have to answer to the court in the event the protective order is violated. It is therefore important for counsel of record to be present when the risk to the cooperating witness is highest; that is, when a defendant is accessing CS material.

**IV. LEGAL FRAMEWORK**

"At any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. Proc. 16(d)(1). In determining whether a protective order is appropriate, courts may consider a variety of factors, including the "safety of witnesses and others." Fed. R. Crim. Proc. 16 advisory committee's note to 1966 amendment; see also United States v. Dent, No. SA CR 16-29(B)-CJC, 2017 WL 1025162 (C.D. Cal. Mar. 15, 2017); United States v. Fort, 472 F.3d 1106, 1131 (9th Cir.2007) ("The Rules Advisory Committee

specifically designed Rule 16(d)(1) to provide a mechanism to protect witness safety, and to grant considerable discretion to the district court in drafting orders under that rule. See Fed.R.Crim.P. 16 advisory committee's note (1974 Amendment).") Indeed, Rule 16's advisory committee notes provide that "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Id. Thus, a court properly exercises its discretion in imposing a protective order in circumstances such as in this case.

Here, a protective order is necessary to permit the government to promptly produce discovery related to the witnesses, while at the same time preserving the security of those individuals. Because the CS material could be used to identify individuals who have agreed to cooperate with the government, unauthorized dissemination or distribution of this material may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose them to potential safety risks. A protective order placing limitations on the use of discovery is therefore appropriate.

**V.   CONCLUSION**

For all the foregoing reasons, the United States respectfully requests that this Court impose the proposed protective order filed concurrently herewith.