1 │ BILAL A. ESSAYLI
  │ Acting United States Attorney
2 │ JOSEPH T. MCNALLY
  │ Assistant United States Attorney
3 │ Acting Chief, Criminal Division
  │ J. MARK CHILDS (Cal. Bar No. 162684)
4 │ Assistant United States Attorney
  │ Chief, Transnational Organized Crime Section
5 │ JEREMY K. BEECHER (Cal. Bar No. 301272)
  │ MATT COE-ODESS (Cal. Bar No. 313082)
6 │ Assistant United States Attorneys
  │ Transnational Organized Crime Section
7 │     1400 United States Courthouse
  │     312 North Spring Street
8 │     Los Angeles, California 90012
  │     Telephone: 213-894-2433/5429
9 │     Facsimile: 213-894-0142
  │     E-mail:    mark.childs@usdoj.gov
10│                jeremy.beecher@usdoj.gov
  │                matt.coe@usdoj.gov
11│
  │ Attorneys for Plaintiff
12│ UNITED STATES OF AMERICA

13│              UNITED STATES DISTRICT COURT

14│          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15│ UNITED STATES OF AMERICA,          Case No. 2:23-CR-524(A)-DMG-1

16│          Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
  │                                    EDGAR JOEL MARTINEZ-REYES
17│          v.

18│ EDGAR JOEL MARTINEZ-REYES,

19│          Defendant.

20│

21│     1.    This constitutes the plea agreement between EDGAR JOEL

22│ MARTINEZ-REYES ("defendant") and the United States Attorney's Office

23│ for the Central District of California (the "USAO") in the above-

24│ captioned case.  This agreement is limited to the USAO and cannot

25│ bind any other federal, state, local, or foreign prosecuting,

26│ enforcement, administrative, or regulatory authorities.

27│                        DEFENDANT'S OBLIGATIONS

28│     2.    Defendant agrees to:

1        a.    At the earliest opportunity requested by the USAO and

2  provided by the Court, appear and plead guilty to count two of the

3  first superseding indictment in <u>United States v. EDGAR JOEL MARTINEZ-</u>

4  <u>REYES</u>, No. 2:23-CR-524(A)-DMG-1, which charges defendant with

5  conspiracy to launder monetary instruments in violation of 18 U.S.C.

6  § 1956(h).

7        b.    Not contest facts agreed to in this agreement.

8        c.    Abide by all agreements regarding sentencing contained

9  in this agreement.

10       d.    Appear for all court appearances, surrender as ordered

11 for service of sentence, obey all conditions of any bond, and obey

12 any other ongoing court order in this matter.

13       e.    Not commit any crime; however, offenses that would be

14 excluded for sentencing purposes under United States Sentencing

15 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

16 within the scope of this agreement.

17       f.    Be truthful at all times with the United States

18 Probation and Pretrial Services Office and the Court.

19       g.    Pay the applicable special assessment at or before the

20 time of sentencing unless defendant has demonstrated a lack of

21 ability to pay such assessments.

22    3.    Defendant further agrees:

23       a.    To forfeit all right, title, and interest in and to

24 any and all monies, properties, and/or assets of any kind, derived

25 from or acquired as a result of, used to facilitate the commission

26 of, or involved in, the illegal activity to which defendant is

27 pleading guilty, specifically including, but not limited to, any

28

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1  funds seized from defendant by law enforcement (collectively, the
2  "Forfeitable Assets").

3         b.     To the Court's entry of an order of forfeiture at or
4  before sentencing with respect to the Forfeitable Assets and to the
5  forfeiture of the assets.

6         c.     To take whatever steps are necessary to pass to the
7  United States clear title to the Forfeitable Assets, including,
8  without limitation, the execution of a consent decree of forfeiture
9  and the completing of any other legal documents required for the
10  transfer of title to the United States.

11         d.     Not to contest any administrative forfeiture
12  proceedings or civil judicial proceedings commenced against the
13  Forfeitable Assets.  If defendant submitted a claim and/or petition
14  for remission for all or part of the Forfeitable Assets on behalf of
15  himself or any other individual or entity, defendant shall and hereby
16  does withdraw any such claims or petitions, and further agrees to
17  waive any right he may have to seek remission or mitigation of the
18  forfeiture of the Forfeitable Assets.

19         e.     Not to assist any other individual in any effort
20  falsely to contest the forfeiture of the Forfeitable Assets.

21         f.     Not to claim that reasonable cause to seize the
22  Forfeitable Assets was lacking.

23         g.     To prevent the transfer, sale, destruction, or loss of
24  any and all assets described above to the extent defendant has the
25  ability to do so.

26         h.     To fill out and deliver to the USAO a completed
27  financial statement listing defendant's assets on a form provided by
28  the USAO.

3

1          i.     That forfeiture of Forfeitable Assets shall not be
2    counted toward satisfaction of any special assessment, fine,
3    restitution, costs, or other penalty the Court may impose.

4          j.     With respect to any criminal forfeiture ordered as a
5    result of this plea agreement, defendant waives: (1) the requirements
6    of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding
7    notice of the forfeiture in the charging instrument, announcements of
8    the forfeiture sentencing, and incorporation of the forfeiture in the
9    judgment; (2) all constitutional and statutory challenges to the
10   forfeiture (including by direct appeal, habeas corpus or any other
11   means); and (3) all constitutional, legal, and equitable defenses to
12   the forfeiture of the Forfeitable Assets in any proceeding on any
13   grounds including, without limitation, that the forfeiture
14   constitutes an excessive fine or punishment.  Defendant acknowledges
15   that forfeiture of the Forfeitable Assets is part of the sentence
16   that may be imposed in this case and waives any failure by the Court
17   to advise defendant of this, pursuant to Federal Rule of Criminal
18   Procedure 11(b)(1)(J), at the time the Court accepts defendant's
19   guilty plea.

20                        THE USAO'S OBLIGATIONS

21        4.     The USAO agrees to:

22             a.     Not contest facts agreed to in this agreement.

23             b.     Abide by all agreements regarding sentencing contained
24   in this agreement.

25             c.     At the time of sentencing, move to dismiss the
26   remaining counts of the first superseding indictment and any
27   underlying indictment as against defendant.  Defendant agrees,
28   however, that at the time of sentencing the Court may consider any

                                     4

1 | dismissed charges in determining the applicable Sentencing Guidelines
2 | range, the propriety and extent of any departure from that range, and
3 | the sentence to be imposed.  Defendant further agrees that he may be
4 | treated as if he had been convicted of the dismissed charges for
5 | purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual
6 | basis below would be sufficient to satisfy all elements of each
7 | charge.  Defendant waives the right to challenge the sufficiency of
8 | the factual basis as to any element of any dismissed charge.

9 |      d.    At the time of sentencing, provided that defendant
10 | demonstrates an acceptance of responsibility for the offense up to
11 | and including the time of sentencing, recommend a two-level reduction
12 | in the applicable Sentencing Guidelines offense level, pursuant to
13 | U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
14 | additional one-level reduction if available under that section.

15 |      e.    With respect to count two, recommend that defendant be
16 | sentenced to a term of imprisonment no higher than the low end of the
17 | applicable Sentencing Guidelines range, provided that the offense
18 | level used by the Court to determine that range is 27 or higher.  For
19 | purposes of this agreement, the low end of the Sentencing Guidelines
20 | range is that defined by the Sentencing Table in U.S.S.G. Chapter 5,
21 | Part A.

22 | ### NATURE OF THE OFFENSE

23 |     5.    Defendant understands that for defendant to be guilty of
24 | the crime charged in count two, that is, conspiracy to launder
25 | monetary instruments in violation of Title 18, United States Code,
26 | Section 1956(h), the following must be true:  First, there was an
27 | agreement to commit money laundering; second, the defendant knew the
28 |

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1  objective of the agreement; and third, the defendant joined the
2  agreement with the intent to further its unlawful purpose.

3      6.    In order for a defendant to be found guilty of promotional
4  money laundering, in violation of Title 18, United States Code,
5  Section 1956(a)(1)(A)(i), an object of the conspiracy, the following
6  must be true: (1) defendant conducted or intended to conduct a
7  financial transaction involving property that represented the
8  proceeds of criminal activity; (2) defendant knew that the property
9  represented the proceeds of the criminal activity; and (3) defendant
10 knew the transaction was designed in whole or in part to promote or
11 carry on the specified unlawful activity.

12     7.    In order for a defendant to be found guilty of concealment
13 money laundering, in violation of Title 18, United States Code,
14 Section 1956(a)(1)(B)(i), an object of the conspiracy, the following
15 must be true: (i) the defendant conducted a financial transaction
16 involving property that represented the proceeds of wire fraud, a
17 specified unlawful activity; (ii) the defendant knew that the
18 property represented the proceeds of some form of unlawful activity;
19 and (iii) the defendant knew that the transaction was designed in
20 whole or in part to conceal or disguise the nature, source,
21 ownership, or control of the proceeds.  A "financial transaction" is
22 a transaction involving the movement of funds by wire or other means
23 that affects interstate or foreign commerce in any way.

24                              PENALTIES

25     8.    Defendant understands that the statutory maximum sentence
26 that the Court can impose for Conspiracy to Commit Money Laundering,
27 in violation of 18 U.S.C. § 1956(h), is: 20 years' imprisonment; a
28 three-year period of supervised release; a fine of $500,000 or twice

6

1 | the value of the property involved in the transactions, whichever is
2 | greater; and a mandatory special assessment of $100.

3      9.   Defendant understands that supervised release is a period
4 | of time following imprisonment during which defendant will be subject
5 | to various restrictions and requirements.  Defendant understands that
6 | if defendant violates one or more of the conditions of any supervised
7 | release imposed, defendant may be returned to prison for all or part
8 | of the term of supervised release authorized by statute for the
9 | offense that resulted in the term of supervised release, which could
10 | result in defendant serving a total term of imprisonment greater than
11 | the statutory maximum stated above.

12      10.  Defendant understands that, by pleading guilty, defendant
13 | may be giving up valuable government benefits and valuable civic
14 | rights, such as the right to vote, the right to possess a firearm,
15 | the right to hold office, and the right to serve on a jury. Defendant
16 | understands that he is pleading guilty to a felony and that it is a
17 | federal crime for a convicted felon to possess a firearm or
18 | ammunition.  Defendant understands that the conviction in this case
19 | may also subject defendant to various other collateral consequences,
20 | including but not limited to revocation of probation, parole, or
21 | supervised release in another case and suspension or revocation of a
22 | professional license.  Defendant understands that unanticipated
23 | collateral consequences will not serve as grounds to withdraw
24 | defendant's guilty plea.

25      11.  Defendant and his counsel have discussed the fact that, and
26 | defendant understands that, if defendant is not a United States
27 | citizen, the conviction in this case makes it practically inevitable
28 | and a virtual certainty that defendant will be removed or deported

7

from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 14 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning in or about October 2019, and continuing until on or
about October 26, 2023, in Los Angeles, Ventura, and San Bernardino
Counties, within the Central District of California, and elsewhere,
defendant conspired and agreed with others to knowingly and
intentionally conduct and attempt to conduct financial transactions
affecting interstate and foreign commerce, knowing that the property

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1  involved in the financial transactions represented the proceeds of
2  some form of unlawful activity, and which property was, in fact, the
3  proceeds of a specified unlawful activity, that is, the unlawful
4  distribution of controlled substances, in violation of Title 21,
5  United States Code, Section 841(a)(1), and knowing that the
6  transaction was designed in whole or in part to conceal and disguise
7  the nature, location, source, ownership, and control of the proceeds
8  of said specified unlawful activity, in violation of Title 18, United
9  States Code, Section 1956(a)(1)(B)(i).

10      In furtherance of the conspiracy, defendant and co-conspirators
11  would assist Sinaloa Cartel associates by assisting them in
12  concealing their drug trafficking proceeds and making the proceeds
13  generated in the United States accessible to the Sinaloa Cartel
14  owners in Mexico, Colombia, and elsewhere.  Defendant and other co-
15  conspirators would receive the drug trafficking proceeds belonging to
16  the Sinaloa Cartel in the United States in the form of U.S. currency,
17  count and package them, and deliver the U.S. currency to members of
18  illegal money exchange and remitting organizations, including co-
19  defendants, to be laundered for a fee.  Sinaloa Cartel operatives
20  would notify defendant and other co-conspirators of the approximate
21  amount of drug trafficking proceeds to be picked up and the location
22  where the proceeds were to be picked up and supply a telephone number
23  and/or a code to be used to identify the couriers to one another.
24  Defendant and other co-conspirators would either deliver the drug
25  trafficking proceeds in cash to locations or individuals specified by
26  members of the Sinaloa Cartel, or make other arrangements to launder
27  the drug trafficking proceeds by a variety of methods.  Defendant's
28  co-conspirators would establish and maintain bank accounts in their

9

1  own names, including aliases, and the names of businesses or other
2  individuals in the United States for the purpose of integrating the
3  drug trafficking proceeds into the legitimate banking system in the
4  United States.

5      In furtherance of the foregoing conspiracy, defendant committed
6  the following acts:

7      On January 26, 2021, in Downey California, defendant received a
8  weighted white bag containing an unknown quantity of drug trafficking
9  proceeds in U.S. currency from co-defendant Guillermo Zambrano.
10 Later that same day, defendant received a second white bag containing
11 an unknown quantity of drug trafficking proceeds from co-defendant
12 Guillermo Zambrano.

13     On January 26, 2021, in Downey California, defendant received a
14 large leather backpack containing an unknown quantity of drug
15 trafficking proceeds in U.S. currency from co-defendant Luis
16 Belandria-Contreras.

17     On January 26, 2021, at an office complex in Downey California,
18 defendant gave a large white bag containing $226,600 of drug
19 trafficking proceeds to co-defendant Jiaxuan He.

20     On April 21, 2021, in Temple City, California, defendant
21 delivered a Fruity Pebbles cereal box containing $59,980 in U.S.
22 currency to a residence used as a collection point and count house to
23 further drug money laundering activity.

24     On February 17, 2022, in Commerce, California, defendant
25 delivered $124,800 of drug trafficking proceeds in U.S. currency to a
26 co-conspirator for the purpose of purchasing cryptocurrency on behalf
27 of the drug trafficking organization that owned the proceeds.

28

10

1    On May 11, 2022, in Arcadia, California, defendant delivered an

2   unknown amount of drug trafficking proceeds in U.S. currency to a co-

3   conspirator for the purpose of purchasing cryptocurrency on behalf of

4   the drug trafficking organization that owned the proceeds.

5                              SENTENCING FACTORS

6       13.   Defendant understands that in determining defendant's

7   sentence the Court is required to calculate the applicable Sentencing

8   Guidelines range and to consider that range, possible departures

9   under the Sentencing Guidelines, and the other sentencing factors set

10   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11   Sentencing Guidelines are advisory only, that defendant cannot have

12   any expectation of receiving a sentence within the calculated

13   Sentencing Guidelines range, and that after considering the

14   Sentencing Guidelines and the other § 3553(a) factors, the Court will

15   be free to exercise its discretion to impose any sentence it finds

16   appropriate up to the maximum set by statute for the crime of

17   conviction.

18       14.   Defendant and the USAO agree to the following applicable

19   Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2S1.1(a)(2), |
| | | 2B1.1(b)(1)(G) |
| Proceeds of Unlawful Activity | +6 | U.S.S.G. § 2S1.1(b)(1) |
| Conviction under 18 U.S.C. § 1956 | +2 | U.S.S.G. § 2S1.1(b)(2)(B) |
| Sophisticated money laundering | +2 | U.S.S.G. § 2S1.1(b)(3) |

26

27

28

                                  11

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1 │ Defendant and the USAO reserve the right to argue that additional

2 │ specific offense characteristics, adjustments, and departures under

3 │ the Sentencing Guidelines are appropriate.

4 │     15.    Defendant understands that there is no agreement as to

5 │ defendant's criminal history or criminal history category.

6 │     16.    Defendant and the USAO reserve the right to argue for a

7 │ sentence outside the sentencing range established by the Sentencing

8 │ Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

9 │ (a)(2), (a)(3), (a)(6), and (a)(7).

10 │                    WAIVER OF CONSTITUTIONAL RIGHTS

11 │     17.    Defendant understands that by pleading guilty, defendant

12 │ gives up the following rights:

13 │             a.    The right to persist in a plea of not guilty.

14 │             b.    The right to a speedy and public trial by jury.

15 │             c.    The right to be represented by counsel -- and if

16 │ necessary have the Court appoint counsel -- at trial.  Defendant

17 │ understands, however, that, defendant retains the right to be

18 │ represented by counsel -- and if necessary have the Court appoint

19 │ counsel -- at every other stage of the proceeding.

20 │             d.    The right to be presumed innocent and to have the

21 │ burden of proof placed on the government to prove defendant guilty

22 │ beyond a reasonable doubt.

23 │             e.    The right to confront and cross-examine witnesses

24 │ against defendant.

25 │             f.    The right to testify and to present evidence in

26 │ opposition to the charges, including the right to compel the

27 │ attendance of witnesses to testify.

28 │

Doc ID: 1b687495b8e00234b33865b32751ce61ffccaf9e

1        g.    The right not to be compelled to testify, and, if

2    defendant chose not to testify or present evidence, to have that

3    choice not be used against defendant.

4        h.    Any and all rights to pursue any affirmative defenses,

5    Fourth Amendment or Fifth Amendment claims, and other pretrial

6    motions that have been filed or could be filed.

7                   LIMITED WAIVER OF DISCOVERY

8        18.    Defendant acknowledges that he has received substantial

9    discovery from the government and that he has had sufficient time to

10   review and discuss that discovery with his attorney. In exchange for

11   the government's obligations under this agreement, defendant waives

12   and gives up any right he may have to review additional discovery

13   that the government has not produced or to claim that the government

14   has not produced all discovery.

15       WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

16       19.    Defendant understands that, with the exception of an appeal

17   based on a claim that defendant's guilty plea was involuntary, by

18   pleading guilty defendant is waiving and giving up any right to

19   appeal defendant's conviction on the offense to which defendant is

20   pleading guilty.  Defendant understands that this waiver includes,

21   but is not limited to, arguments that the statute to which defendant

22   is pleading guilty is unconstitutional, and any and all claims that

23   the statement of facts provided herein is insufficient to support

24   defendant's plea of guilty.

25       20.    Defendant also gives up any right to bring a postconviction

26   collateral attack on the conviction or sentence, except a post-

27   conviction collateral attack based on a claim of ineffective

28   assistance of counsel, a claim of newly discovered evidence, or an

13

1  explicitly retroactive change in the applicable Sentencing
2  Guidelines, sentencing statutes, or statutes of conviction. Defendant
3  understands that this waiver includes, but is not limited to,
4  arguments that the statute to which defendant is pleading guilty is
5  unconstitutional, and any and all claims that the statement of facts
6  provided herein is insufficient to support defendant's plea of
7  guilty.

8              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

9       21.  Defendant agrees that, provided the Court imposes a total
10 term of imprisonment within or below the range corresponding to an
11 offense level of 27 and the criminal history category calculated by
12 the Court, defendant gives up the right to appeal all of the
13 following: (a) the procedures and calculations used to determine and
14 impose any portion of the sentence; (b) the term of imprisonment
15 imposed by the Court; (c) the fine imposed by the Court, provided it
16 is within the statutory maximum; (d) to the extent permitted by law,
17 the constitutionality or legality of defendant's sentence, provided
18 it is within the statutory maximum; (e) the term of probation or
19 supervised release imposed by the Court, provided it is within the
20 statutory maximum; and (f) any of the following conditions of
21 probation or supervised release imposed by the Court: the conditions
22 set forth in Second Amended General Order 20-04 of this Court; the
23 drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and
24 3583(d); and the alcohol and drug use conditions authorized by 18
25 U.S.C. § 3563(b)(7).

26      22.  The USAO agrees that, provided (a) all portions of the
27 sentence are at or below the statutory maximum specified above and
28 (b) the Court imposes a term of imprisonment within or above the

                                  14

1 range corresponding to an offense level of 27 and the criminal

2 history category calculated by the Court, the USAO gives up its right

3 to appeal any portion of the sentence.

4 WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

5 23. Defendant agrees that: (i) any statements made by

6 defendant, under oath, at the guilty plea hearing; (ii) the agreed to

7 factual basis statement in this agreement; and (iii) any evidence

8 derived from such statements, shall be admissible against defendant

9 in any action against defendant, and defendant waives and gives up

10 any claim under the United States Constitution, any statute, Rule 410

11 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

12 Criminal Procedure, or any other federal rule, that the statements or

13 any evidence derived from the statements should be suppressed or are

14 inadmissible.

15 Defendant further agrees that this paragraph of the agreement is

16 severable. Thus, defendant's waivers are binding and effective even

17 if, subsequent to defendant's signing this agreement, defendant

18 declines to plead guilty, the Court declines to accept his guilty

19 plea, or, if this agreement is of the type described in Federal Rule

20 of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects

21 this agreement. Defendant also agrees that his waivers are binding

22 and effective even if some other portion of this agreement is found

23 to be invalid by this Court or the Ninth Circuit.

24 RESULT OF WITHDRAWAL OF GUILTY PLEA

25 24. Defendant agrees that if, after entering a guilty plea

26 pursuant to this agreement, defendant seeks to withdraw and succeeds

27 in withdrawing defendant's guilty plea on any basis other than a

28 claim and finding that entry into this plea agreement was

15

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

1  involuntary, then (a) the USAO will be relieved of all of its
2  obligations under this agreement; and (b) should the USAO choose to
3  pursue any charge that was either dismissed or not filed as a result
4  of this agreement, then (i) any applicable statute of limitations
5  will be tolled between the date of defendant's signing of this
6  agreement and the filing commencing any such action; and
7  (ii) defendant waives and gives up all defenses based on the statute
8  of limitations, any claim of pre-indictment delay, or any speedy
9  trial claim with respect to any such action, except to the extent
10 that such defenses existed as of the date of defendant's signing this
11 agreement.

12                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

13      25.   Defendant agrees that if the count of conviction is
14 vacated, reversed, or set aside, both the USAO and defendant will be
15 released from all their obligations under this agreement.

16                       EFFECTIVE DATE OF AGREEMENT

17      26.   This agreement is effective upon signature and execution of
18 all required certifications by defendant, defendant's counsel, and an
19 Assistant United States Attorney.

20                          BREACH OF AGREEMENT

21      27.   Defendant agrees that if defendant, at any time after the
22 signature of this agreement and execution of all required
23 certifications by defendant, defendant's counsel, and an Assistant
24 United States Attorney, knowingly violates or fails to perform any of
25 defendant's obligations under this agreement ("a breach"), the USAO
26 may declare this agreement breached.  All of defendant's obligations
27 are material, a single breach of this agreement is sufficient for the
28 USAO to declare a breach, and defendant shall not be deemed to have

                                  16

1  cured a breach without the express agreement of the USAO in writing.

2  If the USAO declares this agreement breached, and the Court finds

3  such a breach to have occurred, then: (a) if defendant has previously

4  entered a guilty plea pursuant to this agreement, defendant will not

5  be able to withdraw the guilty plea, and (b) the USAO will be

6  relieved of all its obligations under this agreement.

7      28.  Following the Court's finding of a knowing breach of this

8  agreement by defendant, should the USAO choose to pursue any charge

9  that was either dismissed or not filed as a result of this agreement,

10  then:

11         a.   Defendant agrees that any applicable statute of

12  limitations is tolled between the date of defendant's signing of this

13  agreement and the filing commencing any such action.

14         b.   Defendant waives and gives up all defenses based on

15  the statute of limitations, any claim of pre-indictment delay, or any

16  speedy trial claim with respect to any such action, except to the

17  extent that such defenses existed as of the date of defendant's

18  signing this agreement.

19        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

20                       OFFICE NOT PARTIES

21      29.  Defendant understands that the Court and the United States

22  Probation and Pretrial Services Office are not parties to this

23  agreement and need not accept any of the USAO's sentencing

24  recommendations or the parties' agreements to facts or sentencing

25  factors.

26      30.  Defendant understands that both defendant and the USAO are

27  free to: (a) supplement the facts by supplying relevant information

28  to the United States Probation and Pretrial Services Office and the

                              17

1  Court, (b) correct any and all factual misstatements relating to the
2  Court's Sentencing Guidelines calculations and determination of
3  sentence, and (c) argue on appeal and collateral review that the
4  Court's Sentencing Guidelines calculations and the sentence it
5  chooses to impose are not error, although each party agrees to
6  maintain its view that the calculations in paragraph 14 are
7  consistent with the facts of this case.  While this paragraph permits
8  both the USAO and defendant to submit full and complete factual
9  information to the United States Probation and Pretrial Services
10 Office and the Court, even if that factual information may be viewed
11 as inconsistent with the facts agreed to in this agreement, this
12 paragraph does not affect defendant's and the USAO's obligations not
13 to contest the facts agreed to in this agreement.

14     31.  Defendant understands that even if the Court ignores any
15 sentencing recommendation, finds facts or reaches conclusions
16 different from those agreed to, and/or imposes any sentence up to the
17 maximum established by statute, defendant cannot, for that reason,
18 withdraw defendant's guilty plea, and defendant will remain bound to
19 fulfill all defendant's obligations under this agreement.  Defendant
20 understands that no one -- not the prosecutor, defendant's attorney,
21 or the Court -- can make a binding prediction or promise regarding
22 the sentence defendant will receive, except that it will be within
23 the statutory maximum.

24                          NO ADDITIONAL AGREEMENTS

25     32.  Defendant understands that, except as set forth herein,
26 there are no promises, understandings, or agreements between the USAO
27 and defendant or defendant's attorney, and that no additional

28

                                  18

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4      33.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 BILAL A. ESSAYLI
   Acting United States Attorney

11

12                                          November 14, 2025
   _____          _____
   J. MARK CHILDS                           Date
13 JEREMY K. BEECHER
   MATT COE-ODESS
14 Assistant United States Attorney          10 / 30 / 2025

15 _____          _____
   EDGAR JOEL MARTINEZ-REYES                Date
16 Defendant

17 _____             10/30/2025
   ZAURA VILLAGOMEZ                         _____
18 Attorney for Defendant EDGAR JOEL        Date
   MARTINEZ-REYES
19

20

21

22

23

24

25

26

27

28

                        19

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

CERTIFICATION OF DEFENDANT

   This agreement has been read to me in Spanish, the language I
understand best.  I have had enough time to review and consider this
agreement, and I have carefully and thoroughly discussed every part
of it with my attorney.  I understand the terms of this agreement,
and I voluntarily agree to those terms.  I have discussed the
evidence with my attorney, and my attorney has advised me of my
rights, of possible pretrial motions that might be filed, of possible
defenses that might be asserted either prior to or at trial, of the
sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant
Sentencing Guidelines provisions, and of the consequences of entering
into this agreement.  No promises, inducements, or representations of
any kind have been made to me other than those contained in this
agreement.  No one has threatened or forced me in any way to enter
into this agreement.  I am satisfied with the representation of my
attorney in this matter, and I am pleading guilty because I am guilty
of the charge and wish to take advantage of the promises set forth in
this agreement, and not for any other reason. 10 / 30 / 2025

_____          _____
EDGAR JOEL MARTINEZ-REYES                 Date
Defendant

20

Doc ID: 1b687495b8e00234b33865b32751ce61ffcdaf9e

CERTIFICATION OF INTERPRETER

I, _Alejandro A. Gaitan_ , am fluent in the written and spoken
English and Spanish languages.  I accurately Sight-Translated this entire
agreement from English into Spanish to defendant EDGAR JOEL MARTINEZ-
REYES on this date.

_____          _10/28/2025_
INTERPRETER                             Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am EDGAR JOEL MARTINEZ-REYES's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          _10 - 30-25_
ZAURA VILLAGOMEZ                        Date
Attorney for Defendant EDGAR JOEL
MARTINEZ-REYES

21